UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

_____
                                    :
RICHARD A. SCOTT,                   :
                                    :
           Petitioner,              :    Civ. No. 16-5294 (NLH)
                                    :
     v.                             :    OPINION
                                    :
PATRICK NOGAN,                      :
                                    :
           Respondent.              :
_____ :

APPEARANCES:
Richard A. Scott
East Jersey State Prison, No. 883564B
Lock Bag R
Rahway, NJ 07065
     Petitioner pro se

Patrick Daniel Isbill
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Richard A. Scott ("Petitioner"), a prisoner presently incarcerated at East Jersey State Prison in Rahway, New Jersey has filed a petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 3.) Respondent Patrick Nogan ("Respondent") previously filed a motion to dismiss the Petition on timeliness grounds, (ECF No. 7), which was denied without prejudice, (ECF No 8). By order of the Court, (ECF No. 8), Respondent thereafter filed a full and complete answer to the Petition, (ECF No. 11). Petitioner did

not file a reply. The Petition is ripe for disposition. For the reasons stated below, the Petition will be dismissed as untimely.

## I. BACKGROUND

Following a jury trial, Petitioner was convicted of first-degree possession of a controlled dangerous substance with intent to distribute, N.J. Stat. Ann. § 2C:35-5(b)(1); fourth-degree resisting arrest, N.J. Stat. Ann. § 2C:29-2(a)(2); third-degree unlawful possession of a weapon, N.J. Stat. Ann. § 2C:39-5(b); and second-degree possession of a weapon during a controlled dangerous substance offense, N.J. Stat. Ann. § 2C:36-4.1(a). (ECF No. 11-4, at 1.) Petitioner was sentenced to an aggregate 30-year term of imprisonment, subject to the No Early Release Act, N.J. Stat. Ann. § 2C:43-7.2. (Id.)

Petitioner filed a direct appeal to the Superior Court, Appellate Division, which affirmed his conviction and sentence. State v. Scott, Indictment No. 07-08-2792, 2011 WL 709700 (N.J. Super. Ct. App. Div. Mar. 2, 2011). Petitioner filed a petition for certification with the New Jersey Supreme Court, which was denied on July 14, 2011. State v. Scott, 23 A.3d 414 (N.J. 2011).

Petitioner thereafter filed a petition for post-conviction relief (the "PCR Petition") in the Superior Court of New Jersey, Law Division. (ECF No. 11-13) Although the PCR Petition was

signed by Petitioner on August 18, 2011, it was not marked filed by the Superior Court until January 20, 2012. (See id. at 1-2.) The trial court denied the PCR Petition on February 22, 2013. (ECF No. 11-17.) Petitioner filed a notice of appeal to the Appellate Division on October 29, 2013. (ECF No. 11-18.) On June 26, 2015, the Appellate Division denied Petitioner's appeal. State v. Scott, A-0998-13T1, 2015 WL 3905016 (N.J. Super. Ct. App. Div. June 26, 2015). Petitioner filed a timely petition for certification to the New Jersey Supreme Court, which was denied on October 29, 2015. State v. Scott, 124 A.3d 240 (N.J. 2015).

On August 12, 2016, Petitioner filed the instant petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Petition was administratively terminated on September 6, 2016, based on Petitioner's failure to sign or date the Petition. (ECF No. 2.) A properly signed and dated Petition was filed on September 26, 2016. (ECF No. 3.) In the Petition, Petitioner claims that his counsel was ineffective by failing to properly advise him during plea negotiations and by failing to object to the admission of a lab report at trial. (ECF No. 3, at 22-25.)

This Court ordered Respondent to file an answer or move in response to the Petition, (ECF No. 4), and Respondent thereafter filed a motion to dismiss the Petition as untimely, (ECF No. 7).

In an Order dated November 27, 2017, this Court denied without prejudice Respondent's motion to dismiss and ordered Respondent to file a full and complete answer to the Petition.  (ECF No. 8.)  In his full and complete answer, Respondent re-raises his argument in support of dismissal on timeliness grounds and otherwise argues that the claims raised in the Petition lack merit and should be denied.  (ECF No. 11.)

**II.  STATUTE OF LIMITATIONS ANALYSIS**

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitation period shall run from the latest of-
>
>   (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see also Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the

4

pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012); Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).

Here, Petitioner was sentenced on July 11, 2008. Petitioner filed a timely direct appeal of his conviction and sentence, which was decided by the Appellate Division on March 2, 2011.  Petitioner's timely petition for certification to the New Jersey Supreme Court was denied on July 14, 2011. Petitioner did not file a petition for writ of certiorari to the Supreme Court and, thus, his conviction became final ninety days later on October 13, 2011.

Normally, a properly filed application for post-conviction relief will statutorily toll the AEDPA limitations period.  See 28 U.S.C. § 2244(d)(2).  Petitioner did file a PCR Petition; but it is unclear as to the date on which it was properly filed. The PCR Petition appears to have been signed and dated August 18, 2011.  However, the PCR Petition appears to not have been marked "Filed" by the New Jersey Superior Court, Law Division

5

until January 20, 2012.  An application for post-conviction relief is properly field for the purpose of tolling the AEDPA limitations period where it has been "submitted in accordance with the state's procedural requirements."  Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001).  Thus, state law governs the question of what date Petitioner's PCR Petition was "properly filed" for the purpose of tolling the statute of limitations.  See id. at 243-44.

The New Jersey Supreme Court has not determined whether the prisoner mailbox rule, which provides that a pro se prisoner's habeas petition is deemed filed the moment he delivers it to prison officials for mailing, Houston v. Lack, 487 U.S. 266 (1988), applies to the filing of petitions for post-conviction relief.  See Oliver v. Lee, No. L-6590-08, 2012 WL 1414081, at *3 (N.J. Super. Ct. App. Div. Apr. 25, 2012).[1]  Other courts in this district have determined that under New Jersey law, a petition for post-conviction relief is deemed filed when it is received by the court.  See Briggs v. Nogan, No. 15-5727, 2018 WL 4589994, at *3 & nn.2-4 (D.N.J. Sept. 21, 2018); Prall v. N.J. Dep't of Corrs., No. 11-6355, 2014 WL 1745002, at *7 n.9 (D.N.J. Apr. 29, 2014); Mallard v. Bartkowski, No. 11-3442, 2013

---

[1]   See also State v. Culley, 595 A.2d 1098, 1099-1100 (N.J. Super. Ct. App. Div. 1991) (finding PCR Petition was not properly filed until stamped "received" by the court).

WL 2481262, at *7 (D.N.J. June 10, 2013). Accordingly, this Court finds that the PCR Petition was properly filed under state law on January 20, 2012 when it was marked "Filed." The statute of limitations thus ran 100 days between the entry of the final judgment of conviction and the filing of the PCR Petition.[2]

Petitioner's PCR Petition was denied on February 22, 2013, and his time to file an appeal expired on April 9, 2013. See N.J. Ct. R. 2:4-1(a)(2) (providing 45 days for an appeal). The limitations period thus started to run again on April 10, 2013, the day after the time for filing an appeal of his denied PCR Petition expired. The statute of limitations did not begin to toll again until Petitioner filed his out-of-time appeal to the Appellate Division on October 29, 2013. See Thompson v. Admin. N.J. State Prison, 701 F. App'x 118, 124 (3d Cir. 2017) (citing Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000) (holding that "the right period of exclusion is all time between the

---

[2] Even if this Court were to apply the mailbox rule to the PCR petition, the Petition would still be time-barred. If the Court were to find that the PCR Petition was properly filed on August 18, 2011, the limitations period would not have run prior to its filing because it did not begin to run until Petitioner's judgment of conviction because final on October 13, 2011. See supra, at 5. The limitations period would, however, still have run 202 days before Petitioner filed his PCR appeal, for the reasons stated infra, and thus 163 days (365 – 202 = 163) remained on the federal habeas statute of limitations when the New Jersey Supreme Court denied certification on October 29, 2015. Under this approach, Petitioner's time to file a habeas petition would have expired on April 10, 2016, approximately four months before Petitioner actually filed the Petition.

7

filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default)")); Alvarenga v. Lagana, No. 13-4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed."), aff'd sub nom Alvarenga v. Admin N. State Prison, No. 16-3538, 2016 WL 9631331 (3d Cir. Dec. 14, 2016)(denying certificate of appealability); Smith v. Holmes, No. 13-1876, 2016 WL 1464649, at *1 (D.N.J. Apr. 14, 2016) ("[W]hen an untimely appeal is filed—even if the appeal is accepted as properly filed by the state appeals court—statutory tolling does not include the period between expiration of the time to appeal and when the appeal was actually filed."). Thus, 202 more days of his limitations period elapsed from the expiration of his time to file an appeal until Petitioner actually filed his PCR appeal on October 29, 2013.

The statute of limitations was again tolled during the pendency of the PCR appeal and Petitioner's timely filed petition for certification to the New Jersey Supreme Court. The limitations period began to run again the day after the New Jersey Supreme Court denied review on October 29, 2015. At that point, 63 days (365 − (100 + 202) = 63) remained on the federal

habeas statute of limitations, which expired on or about January 1, 2016. Petitioner did not file the instant petition until August 30, 2016. Accordingly, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In <u>Holland v. Florida</u>, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); <u>Ross v. Varano</u>, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Holland</u>, 560 U.S. at 649 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)); <u>see also</u> <u>Jenkins v. Superintendent of Laurel Highlands</u>, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. <u>Holland</u>, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." <u>LaCava v. Kyler</u>, 398 F.3d 271, 277 (3d Cir. 2005); <u>see also</u> <u>Alicia v. Karestes</u>, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation

to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances." (internal quotation marks and citations omitted)).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-76 (citation omitted); see also Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make

the rigid application of a limitation period unfair" (quoting Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012)).

Indeed, extraordinary circumstances have been found only where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In his habeas petition, Petitioner gives no explanation for the delay in bringing his state PCR petition or filing his PCR appeal, or his delay in filing the instant habeas action, which would allow this Court to consider equitable tolling. Accordingly, the petition will be dismissed with prejudice as

untimely.

## III. CERTIFICATE OF APPEALIBILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition is correct.

## IV. CONCLUSION

For the above reasons, the § 2254 habeas petition is dismissed with prejudice, and a certificate of appealability will not issue. An appropriate Order follows.


Dated: March 26, 2019                    s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.